UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY L. JONES, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1753 |
| GARYLAND WALLACE, ET AL. | * | SECTION "R" (2) |

### REPORT AND RECOMMENDATION

This is a civil action brought by Terry L. Jones, Jr. under 42 U.S.C. § 1983 against 32nd Judicial District Court Judge Timothy C. Ellender and public defense attorney Garyland Wallace. ECF No. 1, at 1. Plaintiff is a prisoner incarcerated in Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. *Id.* He filed this § 1983 complaint *pro se* and *in forma pauperis* asserting a claim under federal law against defendants, whom he sues in their individual capacities. *Id.* at 3-4. Plaintiff seeks compensatory damages of $200,000. *Id.* at 15.

This matter was referred to the undersigned magistrate judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D. La. LR 73.2(A).

### I.   BACKGROUND

#### A.   Factual Allegations

In Plaintiff's § 1983 complaint, he contends he was tricked by Judge Ellender and public defender Wallace into pleading guilty to a felony, although he was led to believe his guilty plea would be for a misdemeanor charge with release and probation. ECF No. 1, at 4-5. He claims the "trickery" involved a promise of release and a promise not to include a felony on his record. *Id.* Plaintiff seeks $200,000 to compensate him for lost wages that he contends he suffered when he lost his job remodeling houses when the homeowners discovered he had a recent felony conviction. *Id.* at 5.

1

## II.    LEGAL STANDARD

### A.    Statutorily Required Screening

A prisoner's *pro se* complaint must be screened by the court as soon as practicable after docketing.[1] Complaints by prisoners must be dismissed upon review if they are frivolous and/or fail to state a claim.[2] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[3] "A federal court may dismiss a claim *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'"[4] A complaint is frivolous "if it lacks an arguable basis in law or fact."[5]

A complaint may be dismissed for failure to state a claim or as legally frivolous if it lacks an arguable basis in law[6] or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."[7] A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[8] "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of

---

[1] 28 U.S.C. § 1915A(a); *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998).
[2] 28 U.S.C. § 1915A(b)(1); *see also id.* § 1915(e)(2)(B).
[3] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[4] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).
[6] *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).
[7] *Moore*, 976 F.2d at 270. This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[8] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation omitted).

a legal interest which clearly does not exist.'"[9] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."[10] A prisoner's *in forma pauperis* complaint that fails to state a claim may be dismissed *sua sponte* at any time. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

### III. LAW AND ANALYSIS

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[11]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[12] Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[13] A plaintiff thus must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law,

(2) that occurred under color of state law, and

(3) was caused by a state actor.[14]

---

[9] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[10] *Moore*, 976 F.2d at 269.
[11] 42 U.S.C. § 1983.
[12] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).
[13] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[14] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

A. <u>**Claim Against Defendant Judge Ellender**</u>

Plaintiff's claim against defendant Judge Ellender is frivolous and should be dismissed. Judicial officers enjoy absolute judicial immunity for acts performed within their jurisdictional authority.[15] Judges acting within the judicial role possess an immunity from lawsuits filed under 42 U.S.C. § 1983, and this immunity is extensive.[16] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[17] "Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity."[18]

Absolute judicial immunity is overcome in only two narrow circumstances, neither of which would apply here.[19] First, a judge is not immune from liability for non-judicial actions, i.e. actions outside of the judge's judicial role.[20] Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.[21] To determine whether a judge's actions are "judicial in nature," a court considers:

(1) whether the precise act complained of is a normal judicial function;
(2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
(3) whether the controversy centered around a case pending before the court; and

---

[15] *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).
[16] *See e.g.*, *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (emphasizing that established immunities dating to the common law era were not abolished by the legislature's passing of § 1983); Briscoe v. LaHue, 460 U.S. 325, 325 (1983) (reiterating the common law's provision of immunities from damages for all persons playing integral roles in the judicial process).
[17] *Mays*, 97 F.3d at 111; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.") (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).
[18] *Greenlee v. U.S. Dist. Ct.*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978)).
[19] *Mireles*, 502 U.S. at 11-12.
[20] *Id*.
[21] *Id*.

 (4) whether the acts arose directly out of a visit to the judge in an official capacity.[22]

In sum, "[a] judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"[23]

Plaintiff does not complain of any actions taken by Judge Ellender that were non-judicial in nature or taken in clear absence of all jurisdiction. While he disagrees with the judicial officer's orders and actions taken in direct connection with his criminal case, Judge Ellender's decisions and rulings are inextricably intertwined with his official functions and duties as a presiding officer. As such, plaintiff's § 1983 claim against Judge Ellender in his individual capacity fails due to the absolute judicial immunity that he enjoys.[24]

### B. Claim Against Public Defender Garyland Wallace

Plaintiff's claim against Public Defender Garyland Wallace is frivolous and should be dismissed. To state a claim under § 1983, a plaintiff must allege that a defendant was acting under color of state law when his constitutional rights were violated.[25] A defendant's actions must be "fairly attributable to the state" for there to be liability under § 1983.[26] In this case, Plaintiff alleges that Wallace, his appointed defense attorney, entered a plea to a felony when Plaintiff was assured that he was pleading to a misdemeanor.

Attorneys, whether privately obtained or publicly appointed, are not state actors as a matter

---

[22] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).
[23] *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12).
[24] *Stump*, 435 U.S. at 349; *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993).
[25] *Daniels v. Williams*, 474 U.S. 327 (1986); *James v. Tex. Collin Cnty.*, 535 F. 3d 365, 373 (5th Cir. 2008); *Calhoun v. Hargrove*, 312 F. 3d 730, 734 (5th Cir. 2002).
[26] *West v. Atkins*, 487 U.S. 42, 49 (1988); *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 223 (5th Cir. 2008); *Cornish v. Corr. Servs. Corp.*, 402 F. 3d 545, 549 (5th Cir. 2005).

of law for purposes of a § 1983 claim.[27] As Wallace is not a state actor that can be held liable under § 1983, Plaintiff's § 1983 claims against him must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

## IV.   CONCLUSION

Plaintiff's complaint should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2), § 1915A and/or 42 U.S.C. § 1997e(c)(1) on the basis that the claims against the two defendants (Judge Ellender and public defender Wallace) are frivolous. Judicial immunity bars the claim against Judge Ellender, and Wallace is not a state actor for the purposes of a § 1983 claim. Thus, Plaintiff's allegations fail to establish a cognizable claim for violation of constitutional rights as required by § 1983, even under the broadest reading of his claims.[28]

## V.   RECOMMENDATIONS

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2), § 1915A, and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[27] *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Small v. Dall. Cty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (citing *Hudson v. Hughes*, 98 F. 3d 868, 873 (5th Cir. 1996); *Mills v. Crim. Dist. Ct. No. 3*, 837 F. 2d 677, 679 (5th Cir. 1988)).
[28] The court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Smith v. Lonestar Constr., Inc.*, 452 F. App'x 475, 476 (5th Cir. 2011), *cert. denied*, 565 U.S. 1263 (2012) (quotation omitted); *Moore*, 30 F.3d at 620.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[29]

New Orleans, Louisiana, this 8th day of July, 2022.

*signature*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).