UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY L. JONES, JR.                                         CIVIL ACTION

VERSUS                                                      NO. 22-1753

GARYLAND WALLACE, ET AL.                                    SECTION "R" (2)

## ORDER AND REASONS

Plaintiff Terry L. Jones, Jr. brings this action *pro se* under 42 U.S.C. § 1983 against public defense attorney Garyland Wallace and Judge Timothy C. Ellender.[1] On July 8, 2022, Magistrate Judge Donna Phillips Currault issued a Report & Recommendation ("R&R"), recommending that plaintiff's complaint be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c)(1).[2] On July 25, 2022, Jones filed an objection to the R&R.[3]

The Court has reviewed *de novo* plaintiff's complaint,[4] the applicable law, the Magistrate Judge's Report and Recommendation,[5] and plaintiff's objection.[6] The Magistrate Judge correctly determined that plaintiff's

---

[1]  R. Doc. 1.
[2]  R. Doc. 4.
[3]  R. Doc. 5.
[4]  R. Doc. 1.
[5]  R. Doc. 4.
[6]  R. Doc. 5.

allegations against defendants for violation of 42 U.S.C. § 1983 are frivolous.[7] Plaintiff concedes that Judge Ellender is immune from civil liability, and instead objects to the R&R on the basis that his publicly appointed counsel violated his Sixth Amendment rights.[8] But plaintiff does not challenge the precedent cited by the Magistrate Judge or raise any arguments disputing the Magistrate Judge's analysis. The Court finds that plaintiff's objection is meritless. Although a party who timely files written objections to a Magistrate Judge's R&R is entitled to a *de novo* determination of the Magistrate's recommendations to which the party objects, "[f]rivolous, conclusive or general objections need not to be considered by the district court." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (noting that a petitioner who makes objections that are frivolous, conclusive, or general in nature is not entitled to *de novo* review by a district court). Jones has failed to provide this Court with any explanation or argument as to why he believes the Magistrate Judge's recommendations were incorrect, apart from his conclusory assertions that

---

7    R. Doc. 4.
8    R. Doc. 5 at 1-2.

his publicly appointed counsel was a state actor because he violated plaintiff's Sixth Amendment rights by deceiving him into pleading guilty. It is well established that appointed defense attorneys are not state actors for the purposes of a Section 1983 claim. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Absent identification of any specific defects in the Magistrate Judge's R&R, the Court finds that petitioner's objections are meritless, and the issues are adequately addressed in the R&R. *See Curington v. Cain*, No. 13-5258, 2015 WL 3953190, at *1 (E.D. La. June 29, 2015) (determining that, in light of petitioner's conclusory objections, there was "no reason to reiterate the Magistrate Judge's well-reasoned analysis").

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this \_\_8th\_\_ day of August, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE